IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00545-WJM-KLM

A. SUSAN MARQUEZ,

    Plaintiff,

v.

MARTHA JOHNSON, Administrator, General Services Administration Agency,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint Pursuant to Rule 15(a)(2), Fed. R. Civ. P.** [Docket No. 25; Filed July 29, 2011] (the "Motion"). Plaintiff represents that Defendant opposes the Motion.[1] The Scheduling Order [Docket No. 20] governing this case provides that the deadline for joinder of parties and amendment of pleadings was July 29, 2011. *Scheduling Order* [#20] at 5 § 9(a). Accordingly, Plaintiff's Motion was timely filed.

The Court has discretion to grant a party leave to amend her pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

---

[1] The Court is not required to wait for Defendant to file a response before resolving the Motion. D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Where, as here, the Court finds that Plaintiff has shown good cause for amending her Complaint, waiting for a response is unnecessary and inefficient.

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

After carefully reviewing Plaintiff's original Complaint [Docket No. 1-1] and proposed Amended Complaint [Docket No. 26], the Court agrees with Plaintiff that the proposed amendment is an effort "to more completely, fully, and accurately state [her] already previously pled claims." *Motion* [#25] at 1. The proposed amendment does not add any new claims. Accordingly, the Court finds that Defendant will not be prejudiced by allowing the filing of the Amended Complaint. Moreover, this case is still in its early stages, and Defendant has ample time to prepare its defenses. The deadline for the completion of discovery is still five months away, and the deadline for filing dispositive motions is January 23, 2012. *Scheduling Order* [#20] at 5 §§ 9(b) and (c).

The Court also finds that Plaintiff has demonstrated good cause for amending her original Complaint [#1-1]. The Complaint is only seven pages long, and it was drafted for filing in the Western District of Texas. In these circumstances, "[i]t is eminently reasonable to allow Plaintiff to timely amend the Complaint so as to better describe [her] claims." *Alpern Myers Stuart LLC v. Hartford Casualty Ins. Co.*, No. 11-cv-00176-CMA-KLM, Docket No. 22 at 2 (D. Colo. Jun. 30, 2011) (unpublished order) (quotation omitted). Permitting

such amendment will benefit both parties and the Court by clarifying the issues in the case. Moreover, Plaintiff represents that an oral deposition of an important witness, H. Jan Faulkner, took place on June 23, 2011. *Motion* [#25] at 2. Plaintiff states that information learned at the deposition supports amending the Complaint "to more completely, fully, and accurately state her previously pled Privacy Act violation claim." *Id.* at 3. Amending a complaint so as to clarify a claim after discovering new facts in a deposition is encouraged, and discovery of new facts constitutes good cause for timely amendment. *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC, et al.*, No. 09-cv-00799-ZLW-KLM, Docket No. 119 at 5 (D. Colo. Jun. 8, 2010) (unpublished Recommendation of United States Magistrate Judge) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require plaintiffs to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later").

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#25] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#26] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Amended Complaint on or before **August 22, 2011**.

DATED: August 8, 2011 at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Kristen L. Mix
                                              Kristen L. Mix
                                              United States Magistrate Judge