IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00545-WJM-KLM

A. SUSAN MARQUEZ,

    Plaintiff,

v.

MARTHA JOHNSON, Administrator, General Services Administration Agency,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Unopposed Motion to Vacate the Final Pretrial Conference and to Vacate and/or Suspend the Filing of the Proposed Pretrial Order** [Docket No. 51; Filed April 11, 2012] (the "Motion").  Plaintiff asks the Court to postpone holding the Final Pretrial Conference until after resolution of the pending dispositive motions [## 39, 41].

    In effect, Plaintiff requests entry of a stay.  Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay.  *See Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011).  In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983).  Hence, it has long been recognized that stays are generally disfavored in this district, although the decision to grant or deny them invokes the discretion of the Court under the circumstances at issue.  *See, e.g., id.*

    Here, the simple fact that dispositive motions remain pending in this lawsuit does not support postponement of a Final Pretrial Conference, which in turn, would have the effect of a stay.  Furthermore, the District Judge discourages litigation strategy or conduct that results in delaying the progress of litigation, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally.  *See* WJM Practice Standards §§ II.D, III.D, III.E  (Nov. 1, 2011).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART and DENIED IN PART**. The Motion is denied to the extent that Plaintiff requests the indefinite postponement of the Final Pretrial Conference. The Motion is granted to the extent that, in light of counsel for Plaintiff's described medical condition, the Final Pretrial Conference is vacated and reset. Accordingly,

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for May 3, 2012, is **VACATED** and **RESET** to **May 15, 2012**, at **11:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the proposed pretrial order shall be submitted on or before **May 10, 2012**. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures may be submitted in WordPerfect or pdf format and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at http://www.cod.uscourts.gov/Home.aspx. Instructions for downloading in richtext format are posted in the forms section of the website.

Dated:  April 12, 2012